J-S71045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD C. WATSON | : | |
| | : | |
| Appellant | : | No. 459 EDA 2018 |

Appeal from the PCRA Order Entered January 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003953-2008

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JULY 21, 2020**

Richard C. Watson appeals *pro se* from the denial of his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court concluded that the issues presented in Watson's PCRA petition were meritless. We affirm.

Watson was convicted in October 2009, of first-degree murder, burglary, robbery, and criminal conspiracy,[1] following a bench trial. The trial court sentenced Watson to life in prison without parole for the murder charge, with further prison sentences on the other charges. Watson filed a timely appeal and this Court affirmed his judgment of sentence on February 28, 2011. The Pennsylvania Supreme Court denied allowance of appeal on October 4, 2011.

_____

[1] 18 Pa.C.S. §§ 2502, 3502, 3701, and 903, respectively.

On August 16, 2012, Watson filed the instant *pro se* PCRA petition. The PCRA court appointed Barnaby Wittels as PCRA counsel on November 19, 2013. A little over seven months later, in June 2014, Watson, acting *pro se*, filed an amended PCRA petition. On September 26, 2017, PCRA counsel filed a ***Turner/Finley*** letter as well as a petition to withdraw as counsel.[2] The PCRA court then issued notice of its intent to dismiss Watson's petition without a hearing. ***See*** Pa.R.Crim.P. 907. Watson responded to the notice and claimed, *inter alia*, that his PCRA counsel was ineffective for failing to zealously investigate his claim of actual innocence. The PCRA court dismissed Watson's petition on January 18, 2018, and granted counsel's motion to withdraw. Watson filed the instant, timely, *pro se* appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Pa.R.A.P. 1925 (a) opinion, which addressed the claims set forth in PCRA counsel's ***Turner/Finley*** letter.

The factual history underlying this case was aptly cited by this Court previously:

> [Watson] met Raheim Mims [("Mims")], Marcus Parks [("Parks")], and Kiree Bennett [("Bennett")] in the early morning hours of July 28, 2006. After discussing plans to burglarize 5032 Jackson Street [in the Frankford section of Philadelphia] for drugs and money, Watson drove the entire group to Frankford.
>
> Upon arriving at 5032 Jackson Street, [Watson] exited his car and approached the front porch. Watson entered through the front gate and front door with an automatic handgun. The group proceeded to the second floor where

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Anthony Acevedo [("Acevedo")], Divine Amir Allah ["Allah")], and [Perry] were asleep. After finding drugs and money, Watson told [Perry] to kneel down, put his arms behind his back, and put his face in a mattress. [Watson] fatally shot [Perry] with an automatic handgun.

Fellow conspirator, [Mims] testified. According to his testimony, the only person with a handgun was Watson. Mims was in the basement when he heard a gunshot come from the upstairs, middle room. After hearing the gunshot, Mims fled the crime scene. Nevertheless, he overheard Watson telling Parks to "stop bitching" about the shooting. [Watson] also showed Mims the drugs and money he took from 5032 Jackson Street.

Victim [Acevedo] testified. He told the Court he was awakened by a smack to the face with an automatic handgun. After being told to get dressed he was directed to the upstairs, middle room where he noticed [Perry] and [Watson]. Watson was standing in the middle of the room. [Watson] directed [Perry] to lay against a bed with his face in a pillow. After the conspirators went through [Perry's] pockets and pulled his pants down to his knees, [Acevedo] saw [Watson] fatally shoot [Perry]. After shooting [Perry], [Watson] pointed his gun at [Acevedo] and pulled the trigger. No bullet came from the gun, and the burglars scattered. In his testimony, he was asked to and identified [Watson] as the man who committed this homicide.

Victim [Allah] testified. He was asleep in the upper, middle room when he was awakened by [Watson] striking him with an automatic handgun. [Allah] noticed [Watson] before being forced to put his face into a pillow. While [Allah] did not see the shooting of [Perry], he identified [Watson] as the shooter by his voice. [Watson] asked [Allah],"Where the money at?" Shortly thereafter the same voice said, "I don't like this [ ]." [Perry] was then fatally shot in the back of the head.

***Commonwealth v. Watson***, 633 EDA 2010 (unpublished memorandum)

(February 28, 2011) (citing Trial Court Opinion, 8/2/10, at 3-4).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*).

Our ability to conduct any meaningful appellate review is hindered by Watson's failure to conform his brief to the Pennsylvania Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2111.[3] Watson's brief does not contain any statement of questions involved, statement of the case, summary of argument

---

[3] Rule 2111(a) provides:

The brief of the appellant, except as otherwise prescribed by these rules, **shall** consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the question involved.

(5) Statement of the case.

(6) Summary of the argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for the appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

Pa.R.A.P. 2111(a)(1)-(11) (emphasis added).

or any separate argument section. **See** Pa.R.A.P. 2116, 2117, 2118 & 2119. Further, Watson's failure to develop cogent argument, with reference to relevant legal authority, in support of his arguments further waived his claims. **See** Pa.R.A.P. 2119(a). Thus, because our review has been significantly hampered by the systemic deficiencies in Watson's brief, we find any issue Watson was attempting to raise to be waived. **See Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa.Super. 2014); **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa.Super.2003).

However, even if we did not find Watson's claims to be waived, to the extent we can discern the issues he alludes to, we find his claims to be meritless. First, Watson appears to claim that his PCRA counsel was ineffective for failing to conduct a "zealous" investigation into his actual innocence claim. He points to the delay PCRA counsel admittedly had in filing his **Turner/Finley** letter. However, as the PCRA court pointed out, Watson presented this claim on direct appeal and this Court rejected it. PCRA Ct. Op., 3/22/19 at 2. It is well settled that a PCRA petitioner cannot obtain relief based upon claims that have been previously litigated. **See Commonwealth v. Hutchins**, 760 A.2d 50, 55 (Pa.Super. 2000).

Next, it appears that Watson attempts to present several thinly developed arguments asserting that his trial counsel was ineffective. He claims that his trial counsel was ineffective for failing to object to the prosecutor's reference to two particular witnesses, during opening statements, who did not ultimately testify at trial.

- 5 -

Counsel is presumed to be effective. **Commonwealth v. Lesko**, 15 A.3d 345, 374 (Pa. 2011). Thus, a petitioner claiming ineffective assistance of counsel must plead and prove all of the following: (1) the underlying claim is of arguable merit; (2) counsel's inaction or action lacked a reasonable basis; and (3) counsel's ineffectiveness caused the petitioner prejudice. **Commonwealth v. Keaton**, 45 A.3d 1050, 1060 (Pa. 2012). "Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." **Id.** at 1061. Failure to satisfy just one prong results in a denial of such a claim. **Id.**

The PCRA court properly rejected this claim, because Watson cannot show prejudice. Watson went to trial before a judge, not a jury, and we presume that the trial judge knew that counsel's opening statement was not evidence and thus disregarded any reference during opening statements to any witnesses or evidence not actually presented. **See Commonwealth v. Parker**, 919 A.2d 943, 946 (Pa. 2007).

Watson also makes the overarching and factually unsupported argument that trial counsel was ineffective for "forcing" him to waive his right to both a jury trial and his right to testify on his own behalf. However, at trial Watson indicated, during a colloquy conducted by the trial court, that he waived his right to a jury trial voluntarily and of his own free will. N.T. 10/6/09, at 38-39. Further, Watson also clearly stated, "I don't want to testify." N.T. 10/14/09, at 19. Therefore, the record clearly belies Watson's contentions and

these claims are frivolous. ***See Commonwealth v. Paddy***, 800 A.2d 294, 316 (2002) ("[A] defendant who makes a knowing, voluntary, and intelligent decision concerning trial strategy will not later be heard to complain that trial counsel was ineffective on the basis of that decision"). The PCRA court did not err by denying Watson's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/20